(19 Misc. Rep. 219.)

### LEONARD et al. v. BUTTLING.

(Supreme Court, Special Term, Kings County. January, 1897.)

INDEMNITY—CLAIMANT IN REPLEVIN—LIABILITY OF SURETIES.

Code Civ. Proc. §§ 1709, 1711, providing for indemnity to a sheriff against the claim of a third person to chattels replevied, apply only to a claim to chattels taken from the possession of defendant, as required by section 1700, and therefore the sureties on a bond given under sections 1709, 1711, are not liable for damages to a third person by the wrongful taking of the chattels from his possession by the sheriff under a requisition.

Action by John J. Leonard and another against William J. Buttling, sheriff of Kings county, to recover for the wrongful taking of property under a requisition in replevin in an action to which plaintiffs were not parties. The indemnitors on a bond given under Code Civ. Proc. § 1711, move to be substituted in his stead. Denied.

John Vincent, for the motion.
Josiah T. Marean, opposed.

GAYNOR, J. The indemnitors do not seem to be entitled to be substituted as defendants. The complaint alleges that the plaintiffs were the owners and in possession of the chattels, and that the defendant wrongfully took them from their possession, and converted them to his own use. It is for a wrongful taking, not for a wrongful detention. It therefore makes a case not provided for in the provisions of the Code of Civil Procedure for the substitution of indemnitors in actions against a sheriff. Sections 1421, 1709–1711. In an action of replevin the sheriff may only take the chattels under the requisition from the possession of the defendant therein. This is obviously so on principle, and such is the direction to him of the requisition and the statute. Section 1700. If he so take them, his possession is lawful, though a third person own them; and if, after so taking them, a third person deliver to him the prescribed affidavit, claiming them (section 1709), his subsequent detention of them becomes unlawful if the claim be good. He is therefore permitted to require the plaintiff to indemnify him against holding them (Id.); and if an action in replevin or for conversion be brought against him by the

claimant for such detention, the indemnitors may be substituted in his stead as defendants (section 1711). But that action is not this one, which is based upon the original trespass in taking the chattels from the plaintiffs, and requires no demand to support it. These indemnitors do not seem to be liable upon their undertaking for that trespass at all. They gave the statutory undertaking, based upon a different state of facts, viz. that the sheriff found the chattels in the possession of the defendants named in the requisition, and took them, and thus became in lawful possession of them; and that thereupon these plaintiffs made claim to them in accordance with the statute, in order to base an action against the sheriff for their unlawful detention; and such is the tenor of the undertaking itself. The present action is not for conversion in the detinet, but in the cepit, to use the crisp common-law distinction. It may be that these plaintiffs had the right to bring an action against the sheriff for detention arising upon their making the statutory claim, and thus leave themselves open to the condition of the sheriff being relieved by the substitution of his indemnitors; but they have not done so. It is true, it does not seem that the provision for a claim by a third person contemplates a third person from whom the sheriff takes the chattels mentioned in his requisition, for, his right of action being created by the wrongful taking, it would be a needless performance for him to make such claim. Still, if he puts himself in that attitude, and is recognized by the giving of the indemnity undertaking, and brings an action, not for the trespass, but for the detention after claim, the indemnitors could be substituted. By bringing action for the wrongful taking, the plaintiffs have avoided that position. The motion is denied, with $10 costs.

Motion denied, with $10 costs.